UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAYDEN ANDREWS,

    Plaintiff,

v.

JUWAIN M. SHEPARD,

    Defendant.

Case No.

**Demand for Jury Trial**

## COMPLAINT

Plaintiff Hayden Andrews asserts claims under the Fourteenth Amendment to the United States Constitution and state law against Defendant Juwain M. Shepard in his individual capacity. Plaintiff alleges as follows:

### Jurisdiction & Venue

1.    Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of civil rights under the Fourteenth Amendment to the United States Constitution.

2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), this being the district where the claim arose and where Defendant conducts business.

4.     All conditions precedent to this lawsuit have occurred, been performed, or been waived.

## Parties

5.     At all times material to this lawsuit, Plaintiff Hayden Andrews was a youth confined in pretrial detention to the Duval Regional Juvenile Detention Center (DDC) in Duval County, Florida.

6.     At the time of filing this lawsuit, Plaintiff is not a "prisoner" as that term is defined by the Prison Litigation Reform Act (PLRA) and therefore the PLRA does not apply because this lawsuit is not "brought" by a prisoner. Plaintiff is also now of the age of majority.

7.     At all times material hereto, Defendant Juwain M. Shepard was a juvenile detention officer (JDO) employed by the Florida Department of Juvenile Justice (DJJ) at the DDC and was acting under color of law. Defendant is being sued in his individual capacity.

### Factual Allegations

8.      On or about December 30, 2023, Plaintiff arrived at DDC for pretrial detention as a juvenile offender, where he was placed in B-2 Mod[1] with two other boys.  On the day of his arrival, Plaintiff was confronted by another boy who told him he was in a gang.

9.      On or about January 8, 2024, Plaintiff and the other detainees in his Mod left to the lunchroom. Plaintiff noticed that the other children were acting strange, and he had an overwhelming sense that something bad was going to happen—that the other boys had planned something.

10.      After lunch, Plaintiff and the other boys were locked in their respective cells.

11.      After being locked in his cell with his two roommates, Defendant opened Plaintiff's cell door.

12.      Immediately thereafter, and in violation of DJJ policies and procedures, several boys enter Plaintiff's cell. One of the boys told Plaintiff and his roommates that Defendant brought them over to Plaintiff's cell. At this time, Plaintiff was reading a book and sitting on his sleeping slab.

---

[1] According to the Florida Administrative Code Rule 63G-2.014, a "Mod" or "Module" is "[a] living unit inside a secure detention facility designed for housing youth."

13.     The two boys started slap-boxing with one of Plaintiff's roommates and then they left the cell.

14.     Another two boys then entered Plaintiff's cell.

15.     One of them began to hit Plaintiff, who, in self-defense, tried to push the boy away. That boy began to brutally hit Plaintiff in the head, causing Plaintiff to fall onto the concrete. The boy then pushed Plaintiff into a wall and banged his head against the wall.

16.     One of Plaintiff's roommates told the boys who entered the cell to "chill out," and they left.

17.     From when the first group of boys entered the cell until the attack on Plaintiff ended was about 30 minutes. The entire time, Defendant was nearby and could see and hear what was transpiring, yet he took no actions to intervene or stop the attack against Plaintiff.

18.     Following the attack, Defendant walked over to Plaintiff's cell and asked if everyone was okay.

19.     Plaintiff informed Defendant that the boy hit his head and that his eye was swollen. At this time, Plaintiff's eye was visibly swollen shut.

20.     Rather than seek medical attention, Defendant brought Plaintiff some ice and locked Plaintiff and his roommates in the cell.

21.     At no time while Defendant was on shift that day did Defendant seek any medical attention for Plaintiff despite knowing that he was brutally beaten and that his face was severely bruised with his eye swollen shut.

22.     After shift change, another JDO came to Plaintiff's cell and observed his injuries. She brought Plaintiff to see medical personnel, who then transported him to the hospital around 6:28 p.m., more than 4 hours after the attack.

23.     At the hospital, Plaintiff was told that he suffered head trauma resulting in a concussion, a facial fracture, and an orbital floor (blow-out) closed fracture.

24.     As a result of the injury, Plaintiff suffered blurry vision for several weeks after the injury. He also experiences regular headaches and migraines. The injury also aggravated a preexisting condition—specifically this was Plaintiff's fifth concussion.

25.     The boy who attacked Plaintiff was charged with battery on youth.

26.     After a review of the video, DJJ terminated Defendant's employment with the agency, finding that "he allowed youth [redacted] and [redacted] to

enter the youth's room."

## COUNT I
### Violation of 42 U.S.C. § 1983 – Failure to Protect

Plaintiff repeats and re-alleges paragraphs 1 through 26 above, as if fully set forth herein and further alleges:

27.     Plaintiff is entitled to relief against Defendant for his failure to protect her in violation of the Fourteenth Amendment to the U.S. Constitution.

28.     Specifically, Defendant purposely allowed other boys to enter Plaintiff's cell despite the fact that he knew or should have known that they were in a gang. Defendant then watched or observed while one or more of the boys attacked Plaintiff, severely injuring him. Despite being able to protect/intervene to stop the boys from their unlawful acts, Defendant failed to take any action whatsoever and instead waited until the boys left Plaintiff's cell.

29.     Defendant, while acting under color of state law, unlawfully and without justification violated the Fourteenth Amendment when he, with sufficiently culpable state of mind, was deliberately indifference to the serious and present risks of permitting several other boys to enter Plaintiff's locked cell. Defendant also was deliberately indifferent when he observed and/or heard what was transpiring in that cell but refused to take any action to stop the attack.

30.     As a direct and proximate result of the failure to protect, Plaintiff sustained brutal and severe physical and mental injuries.

31.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## COUNT II
## Violation of 42 U.S.C. § 1983 – Failure to Treat

Plaintiff repeats and re-alleges paragraphs 1 through 26 above, as if fully set forth herein and further alleges:

32.     Plaintiff is entitled to relief against Defendant for his failure to treat Plaintiff in violation of the Fourteenth Amendment.

33.     Defendant, while acting under color of state law, unlawfully and without justification violated the Fourteenth Amendment when he permitted, while acting under color of state law, other boys into Plaintiff's cell. Defendant further violated clearly established law when he observed Plaintiff's serious physical injuries—including an eye that was swollen shut—after hearing and/or observing the serious attack against Plaintiff. Despite knowing about the violent

attack and seeing the resulting serious injuries, Defendant failed to provide a sufficient response to those objective indicia, by only providing Plaintiff ice instead of taking him to a medical professional for treatment.

34.     As a direct and proximate result of the failure to treat, Plaintiff sustained brutal and severe physical and mental injuries and those injuries were allowed to go unabated for more than 4 hours.

35.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

**COUNT III**
**Negligence Under Florida Law**

Plaintiff repeats and re-alleges paragraphs 1 through 29 above, as if fully set forth herein and further alleges:

36.     Defendant had a legal duty to protect the child detainees under his care and supervision, including Plaintiff.

37.     Defendant negligently failed to comply with that duty when he opened Plaintiff's cell door when Plaintiff was inside the cell, led other inmates

to the cell, and allowed the other inmates to enter the cell, knowing that the other inmates might harm Plaintiff—all in violation of DJJ regulations.

38.    Defendant continued to breach his duty to Plaintiff as he remained near the cell while the attackers were inside, could see and hear what was transpiring, yet took no action to intervene or stop the brutal attack.

39.    Defendant continued to breach his duty to Plaintiff by failing to obtain medical treatment for Plaintiff's serious and obvious injuries.

40.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained pain and suffering, and brutal and severe physical and mental injuries.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## Prayer for Relief

Plaintiff Hayden Andrews demands the following relief against Defendant:

A.  Compensatory damages on Counts I-III;

B.  Punitive damages on Counts I & II;

C.  Reasonable attorneys' fees under 42 U.S.C. § 1988 on Counts I & II;

D.  Reasonable expenses and costs; and

E.  Such other just and proper relief.

## **Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a jury trial of all issues capable of being determined by a jury.

Dated: October 25, 2024

Respectfully submitted,

*/s/ James M. Slater\**
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. #116
Atlanta, Georgia 30345
Tel. (305) 523-9023
james@slater.legal

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
Tel. (305) 423-8747
Fax (786) 842-4430
josh@tarjanlawfirm.com

*\*Lead Counsel for Plaintiff Hayden Andrews*