UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**HAYDEN ANDREWS**

    **Plaintiff,**                   Case No.: 3:24-CV-01105

v.

**JUWAIN M. SHEPARD,**

    **Defendant.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT JUWAIN SHEPARD

Defendant JUWAIN SHEPARD by and through his undersigned counsel, hereby timely[1] responds to Plaintiff's Complaint and answers as follows:

### Jurisdiction

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

### Parties

5. Admitted that Plaintiff was a youth confined in pretrial detention at the

---

[1] Plaintiff's attorney, James Slater, consented to a 14-day extension for filing the Defendant's Answer and Affirmative Defense.

1

Duval Regional Juvenile Detention Center (DDC) in Duval County, Florida.

6. Admitted that at the time of the filing of the complaint, Plaintiff was not a "prisoner" as defined by the Prison Litigation Reform Act (PLRA) and therefore the PLRA does not apply because the lawsuit was not brought by a prisoner. Admitted that Plaintiff is now of the age of majority.

7. Admitted.

## Facts

8. Without knowledge of whether Plaintiff arrived at Duval Detention Center on December 30, 2023, therefore denied. Without knowledge of whether Plaintiff was confronted by another juvenile and told he was in a gang, therefore denied.

9. Admit that Plaintiff and other juvenile detainees were in the lunchroom on or about January 8, 2024. Without knowledge as to whether other juvenile detainees were acting strange towards Plaintiff, therefore denied.

10. Admit that Plaintiff and the other juvenile detainees were locked in their respective cells after lunch.

11. Admit that Defendant opened Plaintiff's cell door.

12. Without knowledge as to timing of other detainees entering Plaintiff's cell, the number of boys, their communications with Plaintiff, or Plaintiff's activities at that time, therefore denied.

13. Without knowledge as to juvenile detainees "slap-boxing" with one of Plaintiff's roommates before leaving cell, therefore denied.

14. Without knowledge as to whether an additional two juvenile detainees entered Plaintiff's cell, therefore denied.

15. Without knowledge as to the specificities at alleged altercation between Plaintiff and other detainees.

16. Without knowledge as to any interaction between Plaintiff's roommates and the juvenile detainees who entered the room, therefore denied.

17. Denied.

18. Admit that Defendant walked over to Plaintiff's cell and asked if everyone was okay.

19. Admit that Plaintiff informed defendant that Plaintiff hit his head and that his eye was swollen. Denied in part that Plaintiff's eye was visibly swollen shut.

20. Denied.

21. Denied.

22. Without knowledge as to another Juvenile Detention Officer's activities or observations, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge as to juvenile detainee being charged with battery

on youth, therefore denied

26. Admitted.

## COUNT I
## Violation of 42 U.S.C. § 1983 – Failure To Protect

27. Admitted for jurisdictional purposes, otherwise denied.

28. Admitted, denied, or without knowledge to the extent previous, stated in paragraphs 1-26.

29. Denied.

30. Denied.

31. Admit that Plaintiff has an attorney, however, without knowledge as to Plaintiff's arrangements with his attorney. Denied that Defendant should be made to pay legal fees to Plaintiff.

## COUNT II
## Violation of 42 U.S.C. § 1983 – Failure to Treat

32. Denied.

33. Admitted, denied, or without knowledge to the extent previous, stated in paragraphs 1-26.

34. Denied. Plaintiff refused medical attention when Defendant asked Plaintiff if he needed attention. Defendant denies the injuries Plaintiff sustained were left unabated for four hours.

35. Admit that Plaintiff has an attorney, however, without knowledge as to

Plaintiff's arrangements with his attorney. Denied that Defendant should be made to pay legal fees to Plaintiff.

## COUNT III
## Negligence Under Florida Law

36. Admit.

37. Admitted, denied, or without knowledge to the extent previous, stated in paragraphs 1-26.

38. Denied.

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every cause of action therein failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint contains mere statements of opinion and conclusions, unsupported by specific facts, and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff alleges that he suffered damages by reason of Defendant's conduct; Defendant assert the right of offset if any amount of money is owed to Plaintiff by another party as a result of the conduct alleged.

4. Plaintiff has failed to mitigate his damages or injuries.

5.      Defendant acted reasonably within the discretion of their positions and the course and scope of their employment and did not violate any clearly established statutory right of the Plaintiff which reasonable persons would have known, and therefore they are entitled to qualified immunity from suit.

6.      People or entities other than Defendant caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

7.      To the extent that Plaintiff suffered injury as a result of the actions from himself or some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

8.       To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

9.      To the extent Plaintiff has failed to exhaust his administrative remedies, Plaintiff is not entitled to recover with respect to such claims.

10.     Any damages and/or injuries in the nature of emotional harm sustained by Plaintiff were not caused by any action or inaction by Defendant.

11. Plaintiff is unable to establish a prima facie case for any of his alleged causes of action.

12. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserve the right to add additional affirmative defenses as discovery proceeds or additional pleadings are filed, including but not limited to failure to exhaust administrative remedies prior to filing these claims.

13. Plaintiff fails to establish that Defendants were independently liable for a violation of § 1983 and fails to satisfy elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Defendants violated Plaintiff's constitutional rights.

14. The Defendant reserves the right to amend, modify, or supplement these defenses as additional facts are discovered or as they become available through the course of litigation, and to assert any other defenses that may be applicable under the law.

WHEREFORE, Defendant demands judgment in his favor and against the Plaintiff, plus costs and reasonable attorney's fees, and any further relief this Court deems proper.

Respectfully submitted,

/s/ *Jami M. Kimbrell*
Jami M. Kimbrell, Esq.

        Florida Bar No. 657379
        Howell, Buchan & Strong
        2898-6 Mahan Drive
        Tallahassee, Florida 32308
        Telephone: (850) 877-7776
        Email: Jami@jsh-pa.com
        *Attorney for Defendant Shepard*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing has been served on all counsel of record via the CM/ECF system on December 12, 2024.

        /s/ *Jami M. Kimbrell*
        Jami M. Kimbrell, esq.